

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Hutchinson v. Scull

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2114

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hutchinson v. Scull" (2007). *2007 Decisions.* Paper 739.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/739

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2114

DIANA HUTCHINSON,
                              Appellant

v.

TODD SCULL; DOES 1-10;
BENNIGANS/METROMEDIA
RESTAURANT, INC.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 02-cv-05364
District Judge:  The Honorable Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
June 26, 2007

Before: BARRY, FUENTES, and JORDAN, <u>Circuit Judges</u>

(Opinion Filed July 18, 2007)

OPINION

BARRY, <u>Circuit Judge</u>

## I.

Diana Hutchinson filed a complaint in the Superior Court of New Jersey which defendants removed to the United States District Court for the District of New Jersey. In her Amended Complaint filed after removal, Hutchinson charged Todd Scull and Bennigans/Metromedia Restaurant, Inc., with race, national origin, and age discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq. On cross-motions for summary judgment, the District Court granted defendants' motion and denied Hutchinson's. Hutchinson appealed. We have jurisdiction under 28 U.S.C. § 1291, and will affirm.

## II.

Hutchinson is a Jamaican-American woman in her mid-fifties who was hired in 1984 to serve as a cook at the Bennigan's Restaurant in Springfield, New Jersey. In 1989, she became a full-time host and eventually was promoted to head host.

On the evening of December 8, 2000, a female customer accused Hutchinson and another host, Elaine Lambert, of staring at her and her girlfriend and making inappropriate comments to her because of her sexual orientation. When the general manager, Todd Scull, arrived at the restaurant the next day, he learned what had happened and called the customer, who was still upset. She told Scull how rude the women had

been to her, the statements they had made, and reiterated that she felt discriminated against because of her sexual orientation. Scull found the allegations to be serious; believed that he was required, therefore, to terminate both hosts; and, in fact, did so. Thereafter, Bennigan's hired an African-American male to replace Hutchinson as head host.

## III.

We review the District Court's grant of summary judgment de novo. Kautz v. Met-Pro Corp., 412 F.3d 463, 466 (3d Cir. 2005). Summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment will be warranted only if the record contains insufficient evidence to allow a reasonable jury to find in favor of the nonmoving party at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All facts and reasonable inferences are viewed in the light most favorable to the nonmoving party. Eddy v. V.I. Water & Power Auth., 369 F.3d 227, 228 n.1 (3d Cir. 2004).

## IV.

We analyze Hutchinson's claim of discriminatory discharge, as did the District Court, by applying the familiar burden-shifting framework the Supreme Court enunciated in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802-05 (1973).[1] Under this

---

[1] Title VII does not cover claims of discrimination based on age, Kremer v. Chemical Const. Corp., 456 U.S. 461, 466 n.4 (1982), and Hutchinson does not bring a claim under

framework, Hutchinson must first establish a prima facie case of discrimination based on race, age, or national origin. If she succeeds, the burden shifts to defendants to produce evidence of a legitimate nondiscriminatory reason or reasons for terminating her. Hutchinson must then show that defendants' articulated reason or reasons were a pretext for discrimination. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994).

The District Court found, first, that Hutchinson failed to make out a prima facie case of race or national origin discrimination because, as to the former, her job was ultimately filled by a member of the protected African-American class and, as to the latter, she alleged no facts that would permit an inference that her termination had anything to do with anti-Jamaican motives. While Hutchinson claims that the District Court erred in these regards, she offers little to support that claim and we reject it without further discussion.[2] As for the age discrimination claim, and although there was no evidence as to whether her replacement was or was not under the age of 40, the Court

---

the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. Accordingly, we evaluate her age discrimination claim only under the NJLAD. We nevertheless apply the McDonnell Douglas framework because, as the Supreme Court of New Jersey has observed, New Jersey courts have "frequently looked to case law under Title VII ... for guidance in developing standards to govern the resolution of [NJ]LAD claims." Carmona v. Resorts International Hotel, Inc., 915 A.2d 518, 528 (N.J. 2007). See also Bergen Commercial Bank v. Sisler, 723 A.2d 944, 954 (N.J. 1999) (adopting the McDonnell Douglas burden-shifting framework to evaluate an age discrimination claim).

   [2] We also reject without further discussion Hutchinson's argument that the District Court erred in "determining summary judgment . . . without a hearing thus creating a record for appeal . . . ." Br. at 2. We note, however, that the appendix on appeal numbers more than a thousand pages.

4

found that the claim failed because Hutchinson failed to carry her burden of showing that the legitimate, nondiscriminatory reason or reasons given for her termination were a pretext for age discrimination.[3] Stated somewhat differently, even assuming that Hutchinson established a prima facie case of age discrimination, no reasonable jury would believe that defendants' reason or reasons for terminating her were illegitimate or that "invidious discriminat[ion] . . . was more likely than not" a motivating factor. Stanziale v. Jargowsky, 200 F.3d 101, 105 (3d Cir. 2000).

Hutchinson takes issue with the legitimacy of the reasons or, as the District Court put it, the "two key points" invoked by defendants and argues that she showed the requisite pretext. A14. The customer's accusation that Hutchinson (and Lambert) discriminated against her because of her sexual orientation was the initial and stated reason for the termination of the two women. Hutchinson does not dispute that the customer complained and that Hutchinson was terminated immediately following the complaint; she merely questions whether the customer should have taken offense. As the District Court found, "For the purposes of the McDonnell Douglas analysis, it is not relevant whether the customer was right or wrong to complain; what matters is that the customer did make a complaint to management." As defendants argued, and the District Court also found, the complaint appeared in the context of a "considerable" history of job performance problems, problems which Hutchinson did not specifically contest but only

_____

[3] We, thus, disagree with the parties that the District Court reached the issue of pretext on all three claims of discrimination.

5

"countered with the unsubstantiated allegations that Defendants have concocted fraudulent evidence." A14, 18.

Hutchinson argues that these reasons were unworthy of belief because, although not disputing that she was terminated immediately on the heels of the customer's complaint of discrimination or the "considerable" evidence of her job performance difficulties, she claims to have been a good employee. The minimal evidence she offered in support of that claim does not begin to call into question the basis for her termination which, the District Court found, was legitimate and nondiscriminatory. And while she has pointed to a male coworker under 40 who, she states, was supposedly "similarly situated" but received more favorable treatment than she did following a customer complaint, he, too, was immediately terminated. Although he was subsequently rehired, Hutchinson has neither alleged nor established that she sought to be rehired.

There is simply no evidence that age, race, or national origin played any part in the decision to terminate Hutchinson.

## V.

We will affirm the order of the District Court.

6